Your Honor, the second case of the morning called P-12-677, Raymond Soto v. Board of Fire & Police Commissioners of the City of St. Charles, Uphall, on behalf of the Appalachians, Mr. Steven T. Mann. On behalf of the Appalachians, Mr. John C. Breuer. Mr. Mann, you may proceed. May it please the Court, good morning. My name is Steven Mann, for the appellant, Raymond Soto. This morning, Your Honors, we're hearing the matter of an administrative review action that came forth in Kane County. Mr. Soto, my client, was offered a job with the St. Charles Fire Department in May of 2011. And when he received an offer, part of the offer condition was a background check. Mr. Soto had previously been on a 2009 eligibility list. He actually ran third on that particular list. The offer came forth from that. There was a background investigation that was conducted in the matter over a five and a half month period. You argue that there should be some standards for a background check. I'm just wondering what those standards would be for a background check. I mean, almost like a mathematical formula for a background check. The standard that I would argue emanates from the Illinois Municipal Code. The eligibility list, the ranking system, the whole application process in Illinois for these municipal jobs, stem from the Municipal Code, absent anything else being elucidated here as far as the standards for St. Charles. Now that particular code, Your Honor, contains sections regarding moral turpitude, good character, certain things that are required to remove somebody from consideration. In essence, what occurred here, my argument is what occurred here with the Board, is that the background investigation, minus any standards or minus any due process hearing, which is actually required pursuant to the Illinois Municipal Code section, removed him from the list without administrative due process. Now, to be clear, there are instances where once an individual is hired, there can be discretionary decisions made regarding background, but Illinois actually requires specific standards of moral conduct and actually requires certain hearings before somebody is taken off of an eligibility list. In essence, this background investigation, my argument is this particular background investigation removed him from consideration from the eligibility list without any due process hearing. What remedy are you asking for? Judge, I'm asking for this particular matter to, the decision to be reversed, first of all. Or in the alternative, I'm asking that this matter be returned to St. Charles for a full hearing on this particular background investigation in accordance with the Municipal Code, Illinois Municipal Code. Before we get too far afield, I mean, the standard review is the manifest way to the evidence, is it not? That's the standard of review on appeal from an administrative body, correct? Where there's a full administrative, where there has been a full administrative hearing with a full record, it is the manifest way to the evidence. Well, there was a full hearing. You're alluding to the fact you don't think that the Board properly considered certain items or gave the proper deference to certain items or conducted a full and a fair hearing on this background thing. But nevertheless, we, looking at the record, it still is a manifest way, correct? No, my argument is it's not. At the very best, it might be clear error in the fact that the law that's there regarding the standard as applied to the fact didn't occur here. There's no findings. There's a background investigation that occurred, but there's no application of the law, the law being the Municipal Code as it stands, to any findings of fact. So what's the standard of review? There has to be a standard of review counsel in every case. What is the standard of review, then, that you're arguing? My standard, I would ask for de novo in this particular matter. And there is case law that where a de novo, actually a de novo hearing can be required. My argument is there was absolutely no hearing here. No hearing occurred whatsoever. I think your better argument would be there was a hearing, but there were no findings upon which we can make a review. There was a hearing. In reality, you can't say there was no hearing. You can say there was an unfair hearing, an incomplete hearing, no findings, but there was a hearing. I would argue there was no hearing before the Board where my client was involved. There's a record reflected in the background investigation. There are minute meetings. Was there a decision made by the Board in this case? There was a decision made by the Board to rescind the offer of employment. If the Board made full findings of fact based upon the information that it had, including the background check, all the information that it had before it, it reviewed everything, and it made detailed findings of fact, you're saying that then it sent a letter to your client saying you're off the list now. Are you saying that your client then has the right to then be before the Board for a full evidentiary hearing on their findings? My argument would be to follow the procedures of the Illinois Municipal Code, in the sense that if they were going to remove him from this list for consideration on whatever the basis was, moral conduct, particularly by statute, even a misdemeanor minus certain sex crimes is not considered grounds to eliminate somebody from the list. To answer your question, the way the process works is the charge is alleged against the applicant. That applicant has an opportunity to have a full hearing, an evidentiary hearing regarding that charge against them, whatever it happens to be, whether it's some sort of honesty issue or whatever that case. I'm looking at 10-2.1-6, talking about disqualifying people from being an applicant. Maybe I missed it, but where is it saying that you get this hearing when you're removed from the list that you have a right to a full evidentiary hearing? You have the right to review of that in the circuit court, which is what happened here. But I'm struggling with this because Justice Jorgenson asked, what do we do on remand? And if there was a remand, and you're saying he has the right to have a full evidentiary hearing on the outcome of the background check. That's correct. I'm referring to Section J of that provision, Your Honor. At the last part of that section, it refers to any such person who was in the department may be removed on charges brought after a trial has been provided in this Division 2.1. Now, Division 2.1 refers to the entire provision there, which one part of that, 1-6, actually allows for a hearing. Is this removing somebody from a position they've already had? Is that what happened here? This is part of the applicant section, and it's regarding, it doesn't distinguish. It says, basically, it's the same section that goes into talking about what disqualifies somebody from being appointed from the eligibility list. So you have any case law in interpreting this section that supports your position that on remand, the applicant's entitled to a full evidentiary hearing on this background check? I have a case law that states that once a person is on an eligibility list, the person's name cannot be stricken from the list until after a hearing. And that particular case, Your Honor, is People v. Civil Service Commission, 17 ILAP 2D36. I think we already know that. I mean, you can't remove somebody without a hearing. The rub here, to be candid about it, I think you'd agree, is what kind of a hearing are we contemplating? There has to be a hearing. Nobody can dispute that. Whether or not there's a full evidentiary hearing on every aspect of the background check, I think, is another issue. How do you know your client was removed under J? I'm not sure. Actually, my argument is the process wasn't followed. There's no record. We don't know what the findings of fact here are, other than the fact that the rescission letter said, after reviewing the background investigation and your employment background, you're no longer given this offer. What if he was removed because of bad habits, a reasonable limitation on his habits, which is under A? That doesn't talk about a hearing at all in A. It says any person who's applying is subject to reasonable limitations as to residence, health, habits, and moral character. Moral character is more explicitly laid out in J. But this habits, you know, what if you have somebody who the background check uncovers that every job they've had, they've never been on time to work once? It doesn't mean they're a bad person. It might be a really nice person, but they've never been to work on time once in their life. That's a bad habit that I don't want to hire that person. I don't think you get a full-blown hearing on that, do you? This particular section appears to, we're in a situation here, your honor, where he was already offered the position. This particular section saying shall be subject to reasonable limitations appears to be related specifically to the examination process. He had already taken the written examination. He was under the age of 35. I believe he was 32. He ended up third on that particular list. So at that point, he had a legal interest. He had a legal interest in making sure that in the event that they were going to remove him from further job consideration, they being the board, that there be some sort of due process that would occur to remove him. Otherwise, the whole point of the eligibility system unravels, which is my argument. So that particular, I'm not specifically sure if there are maybe limitations that can be asked for prior to the application even happening, before they go before and take the examination. That appears to be what that section is referring to. We wouldn't do a background check until after the application is done. I mean, that's normal procedure. I wouldn't do a background check on you before you did an application. You know, I would wait until you did the, until you got through. I mean, that background check is a lot of time, effort, and money. And so, I mean, I'm going to get through all these other steps that might weed out people before I go to the step of a background check. So I think your argument is a little bit putting the cart before the horse. Counsel, how do you respond to the argument that could be made by opposing counselors? You're sort of asking us to substitute our judgment for that of the board. What's your response to that argument? My response, your honor, is that I'm actually asking for it to be reversed and remanded so that there can be a complete record for the reviewing body to look at. My argument throughout has been there's no standard. Because there is no standard, there are no findings of fact. And when there's no findings of fact, really, in essence, there's no record. I know that we have the background investigation here. I know what the record is comprised of. But it's unfair to ask the reviewing body to guess or make some sort of determination of where the board for St. Charles was headed when they made the decision to rescind the offer. So I'm asking that it be remanded so that there can be a full and fair record for the reviewing court to be able to make a determination whether something was against the manifest weight of whatever it is that they're alleging here. Whether it's bad moral character or whether it's some personal habit that perhaps maybe there's a standard that hasn't even been communicated at this point. I don't know. All I know is what the Illinois statutes allow for and what the guidelines are. And there is a due process approach to removing somebody from consideration that has to be at a higher level than just we reviewed your background investigation and employment and we decided we're no longer interested in hiring you. So your point is you want to send it back for the board to have a new hearing, yes or no? Yes. And based on that new hearing, they would make a determination, presumably, yes, you're eligible and you get the job or no, you're not eligible and you don't get the job and here's why. That is correct. And the only thing that was missing from the hearing that's already taken place is the here's why. Is that right? That's a yes or no question. No. What else was missing from the hearing? The ability for my client to be able to cross-examine and determine what was going to come in as evidence and what was not. There was testimony that was hearsay testimony here. There were witnesses that were coming forward saying things about him and he wasn't allowed to impeach. He wasn't allowed to ask them questions about why. One of the arguments I made is that in the absence of standards, what happened was the trial court and counsel or defendant started to guess what the reasons were on the record. We don't review what happened in the circuit court. Please, if you would try to confine your answer to what happened with the board. We don't know what happened with the board. All we know is that there was a decision that was rescinded. There were meeting minutes that said that they were in session to talk about Mr. Soto and they referred to the background investigation and employment applications. When did your client become eligible? When did he become eligible? He was eligible. He was on the eligible. When did he become eligible? What triggering event? When he was put on the eligibility list. So you're saying Charles decided when he became eligible, is that correct? That's correct. Counsel, your feeling is that in an administrative hearing under these circumstances, the applicant would be entitled to a full-blown trial as you would have in any criminal or civil trial. That is correct. That he would be faced with whatever the charge is that they're attempting to prove to keep him off the list, whether it's bad moral conduct, whether it's some sort of bad habit. Whatever that rule is, the board brings the evidence to the forefront of what that is and he's given an opportunity to present his own evidence, or if there's testimony to cross-examine whatever that testimony might have been. Even though he hasn't actually been hired yet for the job. Even though. That's correct. I just want to see if I understand your position. Whether or not we agree with that will be a matter for us to determine. No, I still have a chance. Counsel, we have a chance to rebuttal. Okay. Thank you. Mr. Breuer, you may proceed. Good morning, Your Honor. And if it may please the court, my name is John Breuer. I'm the attorney representing the defendant Appley, the St. Charles Board of Fire and Police Commissioners. Counsel, I hate to interject this, but I think this is a question probably looming in our minds. The threshold question is, what specific findings by the board are we reviewing? Counsel, I'm sorry. Judge, first of all, this is not a procedure which is subject to a hearing under the Board of Fire and Police Commissioners Act. There is one provision within that act, in section 10-2.1-17, which deals with hearings related to the discipline or promotion of full-time employees after they have been appointed and after they've completed their probationary period. There is no provision within the statute that provides for a hearing for an applicant who simply is denied employment. And I'm inclined to agree. I think you could tell by my questions. Yes. I was a little perplexed by that. But nevertheless, getting back to the threshold question that you're going to have to answer here at some point this morning is, what specific findings were made here for us to review? What was the basis for their decision? The basis for their decision was the review of the background information that was provided to them as part of the hearing process. Did they articulate that as a specific finding? Did they state, specify that? Their letter, and this is a letter that's common that goes out. I represent boards of fire and police commissioners for years. Their letter simply goes out saying either you're appointed or we're sorry, but the board has chosen to deny your employment. In this case, they simply stated it was denied because of background information. And that background information is before this court in the record. But we don't know what they found with regard to that background information. We have to guess, don't we? Well, you.  They did not specify exactly what it was, but they did inform him that it was matters involving his background check. And those matters were fairly substantial and were reported by the employers that he identified within his application. Counsel, how would we know that? Counsel, I'm sorry. It's okay. I've been called worse. Judge, it is in the record. Once it went to administrative review. Counsel, with all due respect, because it's in the record does not necessarily mean that that's a finding. In other words, if the board says because of background information, because of a background check, to me that's a conclusion. If they said because of your background check and we found, I'll use Justice Burke's analysis, your prior employers say you're late all the time. That's the reason you're off the list. And that's the distinction, and I think that's what we're driving at. Counsel, I'm sorry. Judge, I will admit it doesn't go that far. But if you have an understanding of the overall process of selecting candidates, they not only go through background checks, they go through polygraphs. They go through psychological examinations. And when they're notified that they're not being hired because of that, you don't specifically tell them that you lie here, here, and here on polygraph. Or that the psychologist determined these things mainly because when they go to apply somewhere else, then they already have information as to what they did wrong at your place. And it just kind of, how should I put this? It makes the selection process a little easier for them if they know what to avoid in those matters. So those letters that go out simply say, we have decided to decline your appointment because you didn't do well on the polygraph. But they don't tell them what in the polygraph- Well, yeah, but here we really didn't. So are you saying that if the board makes the finding that you are being removed from the eligibility list based on the evidence presented, our question has to be, what are we reviewing? Well, again, Judge, we keep talking about a finding based on the evidence presented. But this is not a hearing process. It is a selection process where they review materials- I think we understand the process. But the question is, from our standpoint, the appellate court, what are we reviewing? What are we weighing? The board came to its decision based on what? What are we weighing to suggest? In response to that, all I can tell you is they notified him that he was not being hired because of the background information. And you have before you as a reviewing board that background information utilized by the board to determine not to hire this. And that background information is fairly substantial based on comments made by previous employers. Do you agree that if the board had considered this incident that took place in Geneva, you know the incident I'm speaking of, correct? Yes. Okay, if the board had considered that and relied on that, that that would have been improper. Do you agree with that? If they had, it may be. But it's also taken into consideration along with all of the other materials that were there. Well, but under the statute, it appears that you could not make your decision based upon that, correct? There was no conviction in that particular matter. And yes, that would be improper. Okay, and so that would be improper if they only based their opinion on it. Yes, if they only based it upon that, it would be a different situation. And that incident was contained within the background check, correct? It was, yes. So, when you say that they get a letter, the guy gets a letter that says you have been denied a job, you have been denied because of your background check, how does that person, the trial court, or this court know whether or not the board relied in whole or in part on some improper factor? We don't know. That, I mean, you don't know that. Right. The circuit court did not have that particular problem. It sort of understood when the record was placed before it that there was evidence in the record. But my question is, the trial court did not know, and we do not know, and the applicant did not know whether or not the board relied either in whole or in part on that improper factor. That, I would suggest you have, you're stating it correctly, yes. So then, how do we do anything other than send this back to the board to say please let us know why you decided what you decided? And again, in these types of situations, the decision is based upon the manifest weight of the evidence in the record, and you have in the record before you the information that the board had in making its decision, which includes the two fairly substantial reports from the most recent employers indicating that, one, this person had a very difficult time working with female co-workers, that there were a number of complaints by the female co-workers. But we don't know that the board made its decision on that. We don't know that, do we? So you're saying, look at all the evidence, could the board have found this was negative evidence to remove him? Probably the answer is yes. But again, in an appellate court, we don't know what the board specifically relied on, the improper incident or these other factors. Could they justify it? Probably. Did they justify it? We don't know. And we're dancing around the issue. Again, it goes back to whether or not you're treating this as the type of situation which would require a full-blown hearing. Well, counsel, the point is that we're not an advocate for the board. You have to tell us what it was you based your decision on. It is not for us to review the entire record and then decide, yeah, we might have reached the same conclusion. That's not our function here. In all honesty, I'm having a little bit of difficulty understanding your position when the record shows that this individual had some substantial problems in his prior employment as it dealt with his attitude towards work, his attitude towards working with his fellow workers. But the bottom line is... But it's there, Your Honor. It is there. The bottom line is, why doesn't the board say, this is why we have taken you off the eligibility list or rescinded the offer? Because this is not comparable... Is this just not the course of business? Is this just not what boards do? That's not what boards do. This is not the result of a full-blown hearing where you have written findings and decisions and it sets forth in great detail what the board relied on after going through a full hearing where you had the examination, direct process, all of those types of things. This is an employment situation. He does not have the right to a due process hearing. The situation is that he has a mere expectancy. Due process comes in when you can establish a right to the position. But don't you have a right once you are eligible for the job? No, you don't. The statute says that, one, it's a competitive process. You get placed on an eligibility list through a written test, an oral interview. But as you can note when you see the letter that went out to him initially saying, we're giving you further consideration, but it's subject to, among other things, a background check. But they have no more right. All they have is a mere expectancy of a position. They have no more right than you would have as a probationary police officer. Probationary police officer, probationary firefighter are not entitled to hearings until the probationary period is complete. The case law seems to disagree with you, counsel, because the case law says that when an applicant is placed on an eligibility list, the applicant has a legal right, a legal right to ensure that any denial of employment is not based, is not against the manifest way to the evidence or based on improper factors. And that's a legal right that the applicant has once they're on the list to make sure that if I'm denied this job, when my name comes up on the list, I'm third and you're going to hire three people, then I have the right to make sure that the board does not exclude me based upon anything that's against the manifest way to the evidence or, and you're saying the manifest way is all the record, I understand that, but this is a big point, not based on improper factors. How do we know, again, I don't care how the boards do this all over the state, I'm talking about this limited legal right, I'm not talking about a legal right to a full-blown evidentiary hearing, I'm talking about getting a piece of paper that says, Mr. Applicant, based upon your background check, specifically information we have received from your supervisor at First Care and your supervisor at Elgin, and maybe even list their names, based upon information we received from those individuals, who were denying you this job, how hard is it to put that in the letter? In response to that, it may not be that difficult, but then what occurs? What if they come back and say, I want to confront this? They're not entitled to a hearing. No, then they do what this guy did, they file a complaint in circuit court for review of it. When they take an appeal, if they don't like it. And that's essentially what, I guess again, I'm having a hard time understanding your position when in fact, exactly what you're talking about is what's occurring here. And he knows why he wasn't hired. He knows there's something about the background check. Well, he knows immediately upon filing for administrative review, and when the record is submitted, that there are these reports that the board relied upon.  It's not like he doesn't know. Counsel, you're out. Boards handle these things in a closed session, because of the confidential nature of the information they're reviewing. So the record indicates that the board went into a closed session, reviewed the background information, came out, and then sent him a very letter, which helps, which really starts the process. The written letter says, we're not hiring you because of background information. We keep going around the block. Yes. If that letter had said, we are not hiring you because of the incident in Geneva, and that's appealed, my guess is that the circuit court would look at that and say, that is an improper basis, and send it back or grant some other relief. If they had looked at it and said, and the letter had said, because you're late all the time, because you have issues with whatever it might be, that are arguably not excluded, circuit court could have looked at that and said, that's a proper basis, appeal denied. But without knowing whether it was an improper basis or a proper basis that they hung their hat on, how do we sit in judgment of that? Again, there are considerations when they obtain this material, this information, that there's expectations that they will maintain the confidentiality of the information. Where's that written? Where's that expectation? They... Who's the they? The board or the applicant? The individuals who are supplying information to the board. Third parties. Yes. Okay. Can expect some confidentiality so that things don't come back to them. And again, in this situation, and I'm sorry to repeat myself, the court knows why the board did not. I mean, you may... Well, the court... You can look at the letter and say, we don't know. But at this point, the record shows you why. Why is it our obligation to search the record to support your position? But again, you didn't really have to search the record. We have provided briefs. The records presented before you, we have provided briefs. He has provided a brief indicating where it's probably wrong. We have provided a brief which shows in the record where this information is. So how can I look at that record and conclude that unquestionably they did not consider the Geneva event? Again, Your Honor, I'm not sure that it requires you to conclude unquestionably that that occurred. But we were... I know why you're frustrated here, because you do this all the time. And you're saying, what is it about this case that's so perplexing to the court here? Yes. And I think to hone in, so you don't leave here perplexed and scratching your head, as has been articulated, you have a basis, the Geneva incident, which you yourself tacitly acknowledge. If the board hung its head on that, it would be improper. Correct? Yes. Did you not say that? Right. So if you have that potential incident that the board relied on, you have other negative things, as you pointed out, some of these comments from the other employers that they could have legitimately hung their head on. But we don't know if they relied in part or in whole on the Geneva incident. That's why when you leave here, you know this case is different than other cases you've handled. And again, my response is that even if that were the case, the direction to the court is if there is evidence in the record to fairly support the board's decision, it should be supported. And that's what we have in this case. But we're guessing as to what the board relied on. We don't know, do we? You know that there's evidence in the record to support their decision not to appoint this individual, and there's no requirement in the statute that they receive a full-blown hearing. I agree with you on that point. Would it be onerous for the board to just write a sentence and say, based on the reviews of the supervisor from the other ambulance, we withdraw this application? Would that be something onerous to do? I'm not saying it would be onerous, but I don't know that it's absolutely required when the evidence is there. So your position is if the evidence supports the decision and it is our job, then to review the record. Yes. So we really didn't need your briefs then. We just reviewed the record. And if we find independently that there was a basis, proper evidence, proper information, whatever, to support the board's finding, that's the end of the scenario. If, on the other hand, we search the record and find that there was not sufficient information, we reverse. Yes, it would be whether or not we filed briefs or not. But the briefs are filed to obviously assist the board. But your point is, regardless of what the brief says or don't say, our job is to go right to the record. The record is what you require to review. Yes. Okay. Thank you, Counselor. Thank you. Mr. Mann, we're going to argue it. Thank you. To reiterate what was mentioned earlier, the eligibility list does carry legal significance. And that's set forth in the Sullivan, Second District case of Sullivan, that argues that the board must determine, according to the rules, the eligibility requirement. And it goes on to mention that that process cannot be arbitrary or against due process. Now, neither of us, both of us, concede that administrative review is proper here. And the case law basically states, and I'm citing specifically to the Board of Education of Minooka, that it is, I'm sorry, excuse me, Cy versus Wooddale, that the court has the duty to consider the record and see if the agency findings are supported by the record. And I believe what we've been arguing is, is there a record or what that record is or are there findings? And what the Board of Minooka states in the Third District case is that it is up to the reviewing court to determine if a proper standard has been utilized. We don't know what the standard was here. If the wrong standard has been used and we don't know what the standard is, any resulting finding is invalid. If there are no valid findings, according to the case of the Board of Education of Minooka, there is no record. Well, what he seems to be saying is a more subtle point, and I know what his argument is. It's, look, let's assume that the Board, you know, there's the improper evidence from Geneva, but then there's also evidence that his supervisors from the other ambulance service said that he was lately had a problem with some co-workers. So if we exclude, if we exclude the Geneva thing, the Geneva incident, why couldn't we just find that there's sufficient evidence based on what the other ambulance supervisor said? That in and of itself arguably could be as sufficient, and we don't need to even consider the Geneva, is what he seems to be saying. And in that particular instance, the reviewing court would look, I'm not necessarily sure what the standard is in that particular example. So there's sufficient evidence in the record to support the Board's determination. There's case law that says that. You look to that. There's, but we're not, the reviewing court is not sure whether that was part of their determination in determining that. Again, that's the wrong, but I, you know, he has his position that has some superficial merit to it. My position is that it becomes, it becomes an improper guessing game for the reviewing court to have to determine what supported that decision. And it appears from the case law that if there's really no communicated standard here as to what it was in the findings and facts that support whatever that was for cause to get rid of them, there's no record for any reviewing court to review. You were asked originally when we began, what should the standards be? And you really never answered that question. And now you bring it up again and again are hanging your hat on it, but you've yet to define. So let's say the example is going back to the same thing. If somebody's late, is once a month too much? Should the standard be if you're on time all but two days a month, three days a month? Is that what you're saying, that for all these issues there should be a standard?  I anchor that understanding of the standard in the Illinois Municipal Code section, specifically regarding that section J provides the guidance that there's a certain level of review for moral turpitude. It was mentioned by counsel. Hold on. Answer the question if you would. Yes. We all understand the moral turpitude. That one's defined. What about everything else? I don't know what everything else would be. All I have is the guidance of the Illinois Municipal Code as to what determines somebody being ineligible. Good character, work habits, punctuality. Should there be standards for everything? And if so, what are you saying? What are you, what do you expect to find? What's a sufficient standard? That's not for the applicant to determine. But you're arguing to us there is an absence of standards. What would, what is it that you're looking for? What do you think would be an adequate standard? In this, in context of what the code suggests, I believe the standard should be one of, you know, as you mentioned, elucidated in there regarding, you know, moral conduct. And what's specifically mentioned in there are the exceptions. Misdemeanors actually cannot require you to be ineligible. However, there are a list of things that might. It does not appear from that list that a disagreement with the boss renders you ineligible. However, I'm not, there were no standards communicated as part of this process. So I'm not saying that the village of St. Charles could not come up with certain standards as part of their background investigation. I mean, background investigations, I think we'll go full circle from my first question, are necessarily somewhat subjective. I mean, you're learning things about people. We can't say, you know, given a numerical value or something like that. I mean, basically you're learning about someone, how they operate in the workplace from previous employers and co-workers and things like that. And, I mean, you're kind of arguing, you keep going back to Jay. And Jay isn't the only reason you could exclude somebody from the list. I mean, realistically, you don't have to be convicted of a crime. Otherwise, they have to give you a job. If you have all kinds of applicants who are, you know, out there. And let's say you're going to hire three, and the third person has all these problems that he or she was never convicted of. And is a great person, but has all these problems with co-workers, being late, whatever. I mean, a board doesn't have to hire that person. They go to number four. You're suggesting they have to have a full-blown trial on this person and all of these incidents swirling around them. Doesn't that seem to go a little bit beyond what the law requires? There is a legal significance to the eligibility list. There needs to be some sort of due process in removing that person from the list. And my argument today is that according to what I see in the Municipal Code, minus anything else that might have been out there for St. Charles, he didn't meet any of those, he wouldn't have met any of those. But that being said, we don't know. We don't know what the, you can't have findings of fact if you don't know what the standards are. So your argument is not only that they did not make findings of fact, but you're suggesting in this context there's no possible way that they could because there's no standards. That's correct. There's no standards, therefore there were no findings of fact. And subsequently there's no record. Oh no, there's a record. There's an extensive record. A proper record for this reviewing court to determine whether, I guess, the standard was applied appropriately. Thank you both counsel for your arguments. We will take the case under advisement with the decision on a due process. We'll take a short recess before the next case.